Conn, J.
 

 Plaintiff in error cites a well-known rule of law as decisive of the sole question presented in this case, and argues that it compels the devisee under item 6 to assume payment of the legacy sought to be given by item 3. The cited rule is this:
 

 “Where legacies are given generally and no funds provided from which they are to be paid and afterward the residue of the real and personal estate be given in one mass, the legacies constitute a charge upon the whole residuary estate, real as well as personal.”
 

 This court said, in
 
 Moon, Admr.,
 
 v.
 
 Stewart,
 
 87 Ohio St., 349, 101 N. E., 344, 45 L. R. A. (N. S.), 48, Ann. Cas., 1914A, 104, that strained or artificial rules of construction are not to be so employed as to overcome the reasonable interpretation of the document itself.
 

 This inevitably must be so, since no two wilL involve exactly the same considerations when
 
 *418
 
 reference is had to the financial condition of the testator, time elapsing between the making of the will and its time of speaking, amount of estate, character of investments, relationship, blood or otherwise, to the beneficiaries, and similar matters. If we apply to the facts at bar plaintiff in error’s cited rule precisely as it is stated, we should do what the
 
 Moon case, supra,
 
 admonishes should not be done.
 

 The rule contended for is to be given consideration in connection with the important qualification that the interpreting agency is bound to consider, also, what must have been the belief of testator as regards his property holdings at the time he made his will. Otherwise, the construction would be with regard only to the actual value of the estate at the time of the probate, entirely unrelated to what testator’s belief may have been as to his property holdings. The question of whether the mass estate is to bear the burden of specific legacies is not thus to be concluded. It is to be determined from the language of the will, having regard to testator’s financial and other conditions, as he believed them to be when the document was executed.
 

 In the absence of a showing that at the time the will in question was made testator did not have sufficient funds for the purpose of discharging item 3, the presumption in view of the circumstances disclosed here must be that he believed he had such property. If the inventory, speaking as of the date of the death of the testator, shows no property available to pay the legacies, it would not necessarily follow that the deceased had no such property when the will was made. The in
 
 *419
 
 ventory is not conclusively persuasive, and if it indicates a lack of sufficient means to pay the'legacies, the conclusion of what testator intended becomes a matter of inference from all the circumstances. This is so, because the law does not presume a person acts improvidently any more than it presumes he acts negligently; on the other hand, until the contrary appear, it is presumed every person acts rationally. Hence, unless something be shown to refute the idea that the testator himself must have realized that he did not have sufficient property to justify the giving of item 6 free and unincumbered, there being no language in this will on the subject either directly or indirectly, the court may not base an inference on an' inference and thus import into the will an additional pro-' vision.
 

 If this will had been executed shortly prior to testator’s death, when he was ill and in such circumstances as irresistibly to justify the conclusion that he could not have increased his holdings between that date and' the date of his decease, indicating, in fact, that the will must have been made in contemplation of early death, then one might fairly conclude testator could not have believed that he then had sufficient property to pay the legacy unless it came out of what otherwise would go in the mass.
 
 Townsend’s Ex’rs.
 
 v.
 
 Townsend,
 
 25 Ohio St., 477. But this will was made many months before the decease, so that if the question of time becomes a factor, the lapse of time argues in favor of item 6.
 

 Plaintiff in error contends, that the testator intended to charge to item 6 payment of the legacy bequeathed by item 3, because of the language
 
 *420
 
 in the will reciting that the bequest in item 3 was in consideration of certain services theretofore rendered by the legatee to the deceased wife of the testator. It must be conceded that a feeling of gratitude for such ministrations, which services perhaps might not be the basis of a cause of action, would be a sufficiently inducing motive when a person comes to the disposition of his property to make a bequest to one other than the immediate members of his family, but it has never been understood that a valuable consideration is necessary when dealing with gifts, or that such a recital is controlling in the construction of the will itself, unless, perhaps, there be a question of identity. The absence of a consideration for a gift is entirely immaterial, other conditions existing. The very lack of consideration is what in the law classifies a transaction as a gift.
 

 Plaintiff in error also argues that the testator intended to charge the burden to item 6 because he was desirous that item 3 should be paid before the payment of any other bequest, as evidenced by the provision that the legacy should be paid within six months after the testator’s death. The logical conclusion to be drawn from this direction, in our opinion, is that the testator must have thought he had sufficient money or other quick assets to have the legacy paid promptly, since, in the ordinary course of events, there could be no closing of the estate within that period, and, there being no provision in the will to have available otherwise such moneys within the period of six months, he must have known the necessary steps in the administration of the estate, particularly as against creditors, if any, would make it injudicious for an executor
 
 *421
 
 or administrator to pay a legatee prior to the regular distribution.
 

 Again, in view of the fact that personal property rather than real estate must first be exhausted in the payment of debts, and an administrator has no right to seek an order to sell the real estate except there be no personalty, it is unlikely that testator would have given practically all his personal property away, as he did in this case, knowing he had no money or its equivalent to take care of his desire as expressed in item 3. Especially is this true in view of the fact, as plaintiff in error has argued, that there was a valuable consideration, so to say, which led to the making of item 3.
 

 Inasmuch as by reference to the agreed statement of facts our attention is directed to the petition, it is noted therein that the only real estate left by the decedent was realty which came to the testator through his deceased wife; hence it Would seem (if we may apply the argument of plaintiff in error as to motives) that it was the desire of the testator to make an absolute gift of the real estate in question to a member of his own family rather than to one not a member of the family, and, especially so, when, as here, it was devised to one of the blood of the ancestor from whom such real estate came.
 

 Still again, by item 8, the testator expresses his desire that the devisee under item 6 shall accept the property so given and release any claim whatsoever the devisee may have against the estate of the testator’s wife and also against the Daniel McLaren estate. If the testator had expected the devisee under item 6 to assume the exoneration of the legacy of item 3, he certainly would have men
 
 *422
 
 tioned the matter in item 8, when, as stated, he was dealing with the considerations under which the devisee under item 6 was to accept. Having expressly set forth his wishes under which acceptance of item 6 should be taken, and being silent in that respect as regards the payment of item 3, the rule of
 
 wtiius expressio
 
 has direct application. And there is no longer room for implication. While the language of the testator in the instant ease is not a flat statement that he does not desire item 6 to be charged with the burden of item 3, the language he did employ, or rather the lack of adequate language requiring exoneration, renders the conclusion reasonably certain that testator did not. intend item 6 to be so charged.
 

 Counsel do not disagree regarding the authorities applicable to this controversy because they refer to the same cases, to-wit:
 
 Moore, Exr.,
 
 v.
 
 Beckwith’s Exr.,
 
 14 Ohio St., 129;
 
 Geiger
 
 v.
 
 Worth,
 
 17 Ohio St., 564;
 
 Townsend’s Exrs.
 
 v.
 
 Townsend,
 
 25 Ohio St., 477;
 
 Theobald
 
 v.
 
 Fugman,
 
 64 Ohio St., 473, 60 N. E., 606;
 
 Knepper
 
 v.
 
 Knepper,
 
 103 Ohio St., 529, 134 N. E., 476. The rules declared by these cases are definite and certain, and whatever may be said as to the difficulty one might find in applying them where the facts might be less conclusive, there can be no question as to the way they point when construing this document.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias, Day, and Allen, JJ., concur.